# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.:

ISNALVI GALINDO LOPERENA
Aka, ISNALVI CONTRERAS                                      Magistrate:

      Plaintiff,

v.

OFFICER NICHOLIS JOSEPH WHITEMAN
individually,
RICK RAMSAY, as sheriff of Monroe County
      Defendants.
_____/

## COMPLAINT

Plaintiff, Isnalvi Galindo Loperena aka Isnalvi Contreras, by and through her undersigned counsel, hereby sues Defendant, Deputy Sheriff NICHOLIS JOSEPH WHITEMAN, individually, and Rick Ramsay, as Sheriff of Monroe County and in support thereof states:

## INTRODUCTION

1. This is an action on behalf of Plaintiff, Isnalvi Galindo Loperena, (hereinafter LOPERENA) whose Fourth Amendment rights were violated when she was accosted by Monroe County Sheriff's Officer Nicholis Joseph Whiteman, (hereinafter WHITEMAN), in violation of her civil rights secured by the United States Constitution and in violation of Florida common law.

2. This action for money damages is brought pursuant to 42 U.S.C. Sections §1983 and §1988, the Fourth Amendment to the United States Constitution, and under the laws of the State of Florida against WHITEMAN in his individual capacity while acting under color of law as a

1

   Monroe County Deputy Sheriff and against Sheriff Rick Ramsay as Sheriff of Monroe County (hereinafter SHERIFF), and the employer of WHITEMAN.

3. It is alleged that WHITEMAN engaged in one or more of the following acts: battery, and excessive use of force.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983, the Fourth Amendment of the United States Constitution and the laws of the State of Florida.

5. The jurisdiction of this Court is predicated on U. S. C. §§ 1331, and 1342(a) (3) and the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a).

6. Venue is placed in the United States District Court for the Southern District of Florida because it is where all the parties reside and where the events complained of occurred.

7. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.28.

## PARTIES

8. At all times material hereto LOPERENA was a resident of Monroe County and at the time of the events described in this complaint is *sui juris*.

9. At all times relevant hereto and in all actions described herein, Defendant WHITEMAN was acting under color of law as deputy sheriff, and in such capacity, as the agent, servant and employee of the Monroe County Sheriff's Office.

10. At all times material SHERIFF is the duly elected Sheriff of Monroe County, Florida. SHERIFF is responsible for the conduct of the deputies in his employ and for ensuring that his deputies and agents obey the laws of the State of Florida and the United States. Defendant

SHERIFF is being sued in his official capacity as Sheriff of Monroe County and therefore, said Defendant is synonymous with the Monroe County Sheriff's Office.

**STATEMENT OF FACTS**

11. On or about Sunday July 6th, 2014 at approximately 8:00 P.M. LOPERENA was swimming at Sombrero Beach, in Marathon, FL. She was with her friend Jose Manuel De Armas.

12. WHITEMAN resides in a Monroe County owned property and receives reduced rent at his habitation in exchange for providing security for Sombrero Beach in addition to securing the gates to the property after the closing hour of 8 p.m. WHITEMAN locks and secures the beach on a daily basis.

13. At some point close to the closing hour of the beach, WHITEMAN and his then 9 year old daughter went with WHITEMAN to the beach, to secure and close the gates

14. WHITEMAN saw LOPERENA and De Armas in the water and while he was approximately 30 yards away yelled at them to leave the beach. WHITEMAN was in plain clothes and did not have his gun, badge nor any other official Sheriff's Office identification on his person.

15. LOPERENA noticed that the male yelling at her was already angry for a reason she did not know. LOPERENA and Mr. De Armas exited the water as ordered.

16. LOPERENA was covered in sand and began walking in the direction of the showers in order to rinse off before walking outside the beach gate. The showers were not far from the exit.

17. As LOPERENA walked to the showers WHITEMAN continued to yell aggressively at LOPERENA to leave the beach. Due to the forceful nature of the commands LOPERENA changed direction and exited the beach and walked outside the gate.

18. LOPERENA walked by her parked car and heard WHITEMAN yell to his daughter to go get his badge and his gun.  At the time WHITEMAN yelled this directive to his daughter LOPERENA was no longer on the beach and had already complied with WHITEMAN's order even though WHITEMAN had never stated he was a police officer. Once off the beach the surface of the area was concrete.

19.  LOPERENA turned towards WHITEMAN's daughter who was standing approximately 10 feet away and repeated WHITEMAN's words and said "yes go get his badge and his gun."

20.  WHITEMAN then immediately attacked LOPERENA and did a maneuver where he tossed LOPERENA in the air and LOPERENA landed on her face and chest severely bruising LOPERENA's face and breast; taking the skin off large portions of her face and breasts. LOPERENA's head also hit the concrete causing a closed head contusion.

21.  At the time of the assault by WHITEMAN, LOPERENA had committed no crime, made no threat to WHITEMAN or his daughter and was un-armed.

22. LOPERENA was transported to Fisherman hospital by ambulance where she was treated for her injuries including a closed head contusion, numerous facial lacerations, breast lacerations and shoulder lacerations.

## COUNT I
### Excessive Force
### 42 U.S.C. §1983 Fourth Amendment Violation
### against Defendant WHITEMAN

23.    PLAINTIFF repeats and realleges Paragraph 11-22, and incorporates them by reference herein.

24. This cause of action is brought by LOPERENA, against WHITEMAN for his use of excessive force under the color of law that deprived LOPERENA of constitutionally protected rights under the Fourth Amendment to the United States Constitution.

25. WHITEMAN violated Title 42 U.S.C §1983 by inflicting severe injury upon LOPERENA that was grossly disproportionate to the force necessary to arrest, detain or instruct LOPERENA in violation of her rights under the Fourth Amendment to the U.S. Constitution.

26. WHITEMAN while acting in his capacity as a sheriff's deputy for Sheriff Rick Ramsey of the Monore County Sheriff's Office and under the color of law, did intentionally exert excessive force by flipping LOPERENA on the concrete ground on her face head and shoulder in such a manner that PLAINTIFF suffered serious bodily injury.

27. WHITEMAN while acting in his capacity as a sheriff's deputy for the Monroe County Sheriff's Office and under the color of law, did intentionally exert excessive force by battering LOPERENA when there was no need to use any force.

**WHEREFORE**, LOPERENA prayerfully requests that this Honorable Court grant the following relief against the Defendant officer WHITEMAN:

    A. Compensatory Damages;

    B. Pain and Suffering;

    C. Attorney fees and costs under 42. U.S.C. 1988;

    D. Actual Damages; and

    E. Any other such alternative and additional relief that appears to the Court to be equitable and just.

## COUNT II
### State Tort of Assault and Battery

### **(Against Defendant SHERIFF)**

28. LOPERENA repeats and realleges Paragraphs 11 through 22 and incorporates them by reference herein.

29. Defendant SHERIFF though its employee WHITMAN caused bodily harm to LOPERENA by physically battering LOPERENA.

30. The actions of SHERIFF through its employee WHITMAN caused harm to LOPERENA. The aforementioned assault and battery was accomplished without consent and against the will of the LOPERENA.

31. Defendant SHERIFF is vicariously liable for the tortious actions of its employee that was committed within the scope and furtherance of his employment.

32. As a direct and proximate consequence of the acts of SHERIFF through his employee WHITMAN, LOPERENA sustained severe physical injury, humiliation, emotional distress, pain and suffering.

33. Pursuant to 768.28, Florida Statues, LOPERENA notified Defendant SHERIFF of this claim prior to filing this action and said claim was not resolved.

**WHEREFORE**, PLAINTIFF prayerfully request that this Honorable Court grant the following relief against the Defendant CITY:

> A. Compensatory Damages;
>
> B. Pain and Suffering;
>
> C. Actual Damages; and
>
> D. Any other such alternative and additional relief that appears to the Court to be equitable and just.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, LOPERENA, hereby demands a jury trial as to all issues so triable.

Dated: June 20, 2018                                    Respectfully Submitted,

/s/ *Gregory A. Samms*
**Gregory A. Samms, Esq.**
*Attorney for Plaintiff*
FL Bar No.: 438863
113 Almeria Avenue
Coral Gables, FL 33131
Tel: (786) 953-5802
Fax: (786) 513-3191
Email: sammslaw@gmail.com